UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICIA WHITE and LATRICIA HARDY, | ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 12-1346 (ABJ) |
| HILLCREST DAVIDSON AND ASSOCIATES, | ) ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM OPINION**

This matter is before the Court on the motion to dismiss filed on behalf of Hillcrest Davidson and Associates and the plaintiff's responses to the motion.[1] For the reasons discussed below, the motion will be granted.

I. BACKGROUND

The plaintiff brings this action against Hillcrest Davidson and Associates ("Hillcrest") under the Fair Credit Reporting Act ("FCRA"), *see* 15 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692, and the D.C. Consumer Protection Procedures Act ("CPPA"), *see* D.C. Code § 28-3904.  She alleges that Hillcrest, a Texas corporation, erroneously has "reported [her] as a collection to the three Credit Bureaus."  Compl. ¶ 9; *see id.* ¶¶ 1, 3.  As a result, she alleges, "her credit score dropped drastically . . . which prevented her from getting some necessary loans."  *Id.* ¶ 12.  "Although these errors were corrected, the

---

[1]  It appears that Patricia White has granted a durable general power of attorney to Latricia Hardy.  *See* Compl. at 1 (introductory paragraph); *see generally id.*, Attach. (Durable General Power of Attorney dated April 23, 2010).  The complaint refers to only one plaintiff, *see id.* ¶ 7, and so, too, does this Memorandum Opinion.

1

misplacement of this on the Plaintiff's credit reports presented undue hardship on [her]." *Id.* ¶ 13. The plaintiff demands a judgment in her favor and an award of "statutory damages of $15,000.00 . . . , any legal or Court fees and costs pursuant to 15 U.S.C. § 1681n[] and § 1692i." *Id.* ¶ 14.

## II. DISCUSSION

On September 15, 2012, Hillcrest moved to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. to Dismiss Compl. & Brief in Support of Mot. to Dismiss Compl. ("Def.'s Mot.") [Dkt. No. 4] at 1. The Court issued an order pursuant to *Fox v. Strickland,* 837 F.2d 507, 509 (D.C. Cir. 1988), that advised the plaintiff to respond by October 19, 2012 [Dkt. No. 5]. On October 18, 2012, the plaintiff opposed the motion. *See* Pl.'s Resp. to Def. Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. No. 6]. Upon receipt of the plaintiff's opposition, which focused on the question of federal subject matter jurisdiction, on March 7, 2013, the Court issued another order directing the plaintiff to file a supplemental response addressing the question of personal jurisdiction [Dkt. No. 7]. The plaintiff supplemented her opposition on March 25, 2013. *See* Pl.'s Supp. Resp. to Def.'s Mot. to Dismiss ("Pl.'s Supp. Resp.") [Dkt. No. 9].

### A. Dismissal Under Rule 12(b)(2) for Lack of Personal Jurisdiction

The plaintiff bears the "burden of establishing personal jurisdiction over [the] defendant." *Thompson Hine LLP v. Smoking Everywhere, Inc.,* 840 F. Supp. 2d 138, 141 (D.D.C. 2012) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 455-56 (D.C. Cir. 1990). A plaintiff cannot rely on bare allegations or conclusory statements, but "must allege specific acts connecting [the defendant] with the forum." *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation omitted). The plaintiff's *pro se*

status does not relieve her of her obligation to "plead an adequate jurisdictional basis for her claims." *Donnelly v. Sebelius*, 851 F. Supp. 2d 109, 116 (D.D.C. 2012) (internal quotation omitted).

Hillcrest argues that the plaintiff has not alleged sufficient facts to carry her burden to show that this Court has personal jurisdiction over the defendant and therefore, the complaint should be dismissed pursuant to Rule 12(b)(2). Def.'s Mot. at 3. "No where in the [p]laintiff['s] complaint do[es] the [p]laintiff[] allege specific facts connecting [the] defendant with the forum." *Id.* at 3–4.

The plaintiff responds that this Court's "jurisdiction . . . arises under (FRCA) 15 U.S.C. § 1681 . . . & 15 U.S.C. [§] 1692 . . . along with D.C. Code[] § 28-3904 . . . in that Defendant did indeed violate the Fair Credit Reporting Act." Pl.'s Opp'n ¶ 2. In her supplemental response, she repeats that "the jurisdiction of this Court is conferred by 15 U.S.C. [§] 1681p." Pl.'s Supp. Resp. ¶ 1. Further, the plaintiff asserts that the District of Columbia's long-arm statute includes "a reference to the authorization to 'reach out' beyond the borders of a state," *id.* ¶ 3, and that it applies to Hillcrest because it "causes injury here by an act committed elsewhere," *id.* ¶ 4. Lastly, citing Rule 4 of the Federal Rules of Civil Procedure, she claims that "serving a summons . . . establishes personal jurisdiction." *Id.* ¶ 2. The plaintiff, who has blurred the distinction between subject matter jurisdiction and personal jurisdiction, is mistaken on all counts.

The plaintiff's reliance on 15 U.S.C. § 1681p is misplaced, as this section establishes a limitations period within which to bring an action under the FCRA "in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." *Id.* The statute does not purport to deal with the question of personal jurisdiction, and the plaintiff does not indicate any particular provision of the FDCPA or CPPA

3

relevant to this discussion. Further, the service of a summons and complaint does not alone establish personal jurisdiction over a non-resident defendant. Rather, under Rule 4(k) of the Federal Rules of Civil Procedure, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is *subject to the jurisdiction of a court of general jurisdiction* in the state where the district court is located." *Id.* (emphasis added). Service on this non-resident defendant by mail to a Texas address might establish personal jurisdiction only if Hillcrest otherwise were subject to this Court's jurisdiction.

The Court determines whether personal jurisdiction may be exercised "by reference to District of Columbia law." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). "A District of Columbia court may exercise personal jurisdiction over a person domiciled in . . . or maintaining . . . its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Nowhere in the complaint does the plaintiff allege that Hillcrest either is domiciled in or maintains its principal place of business in the District of Columbia. In this circumstance, the Court engages in a two-part inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). "A court must first examine whether jurisdiction is applicable under the [District of Columbia's] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *Id.* (citing *Ferrara*, 54 F.3d at 828).

In relevant part, the District of Columbia long-arm statute provides that:

> A District of Columbia court may exercise personal jurisdiction over a person . . . as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;

>(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
>
>(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a).[2] The complaint does not allege that Hillcrest transacts any business in or contracts to supply services in the District of Columbia. It merely alleges that, "[u]pon information and belief . . . Hillcrest . . . is authorized to do business in the District of Columbia." Compl. ¶ 8. The plaintiff asserts that Hillcrest "causes injury here by an act committed elsewhere," Pl.'s Supp. Resp. ¶ 4, and suggests that D.C. Code § 13-423(a)(4) therefore applies. This bare assertion is insufficient however, because the plaintiff fails to establish "any of subsection (a)(4)'s so-called 'plus factors': regularly do[ing] or solicit[ing] business, engag[ing] in any other persistent course of conduct, or deriv[ing] substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." *McIntosh v. Gilley*, 753 F. Supp. 2d 46, 59 (D.D.C. 2010) (quoting D.C. Code § 13-423(a)(4)).

The second component of the analysis turns on whether a defendant's "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). Such minimum contacts must arise from "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the [District of Columbia], thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.,* 480 U.S. 102,

---

[2] The alternative bases set forth under the long-arm statute for exercising jurisdiction are inapplicable to this case.

109 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). In other words, Hillcrest's "conduct and connection with the [District of Columbia must be] such that [it] should reasonably anticipate being haled into court" in the District of Columbia. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Missing from the complaint are any factual allegations to show that Hillcrest "'purposefully directed' any activities at residents of the District of Columbia . . . [or] that the defendant has any 'contacts, ties, or relation' to the District of Columbia." *Buesgens v. Brown*, 567 F. Supp. 2d 26, 36 (D.D.C. 2008) (quoting *Burger King*, 471 U.S. at 472). Hillcrest, therefore, is neither subject to the District's long-arm statute nor maintains sufficient contacts with the District so as to render it subject to this Court's jurisdiction.

### B. Dismissal Under Rule 12(b)(6) for Failure to State a Claim

A plaintiff need only provide a "short and plain statement of [her] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] [a] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations omitted). However, "the [C]ourt need not accept inferences drawn by [the] plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the Court accept

6

"a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S.at 678 (internal quotation marks omitted). Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94 (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. Dist. of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

Hillcrest argues that the complaint fails to state a claim under the FDCPA because the statute pertains only to consumer debt. Def.'s Mot. at 4. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). Here, Hillcrest argues, the plaintiff has failed to plead that the debt at issue is a consumer debt because she fails to "allege facts that show a primarily personal, family, or household purpose for the debt," and, "[t]herefore, no violation of § 1692 can be established . . . ." Def.'s Mot. at 4.

The FCRA also includes specific requirements that are not mentioned in the plaintiff's complaint. For example, in order to show a violation of the FCRA, the plaintiff must allege that the defendant is a "consumer reporting agency,"[3] or that it creates "consumer report[s],"[4] or that

---

[3]   "The term 'consumer reporting agency' means any person which . . . regularly engages in whole or in part in the practice of *assembling or evaluating consumer credit information* or other information on consumers *for the purpose of furnishing consumer reports to third parties* . . . ." 15 U.S.C. § 1681a(f) (emphasis added).

[4]   "The term 'consumer report' means any written, oral, or other communication of any information *by a consumer reporting agency* bearing on a consumer's credit worthiness [creditworthiness], credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) *credit*

it "regularly engages in . . . assembling or evaluating consumer credit information, or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f).  Here the complaint alleges simply that Hillcrest incorrectly reported *to* credit agencies that she owed it a debt.  Because the plaintiff neither describes the nature of the debt in question, nor provides any additional information regarding the applicability of the FDCPA or the FCRA to her case, she fails to state a claim under either statute upon which relief can be granted.

Finally, although the plaintiff mentions the CPPA in her complaint, *see* Comp. ¶ 1, she claims only that the defendant violated the FCRA and FDCPA.  Her complaint fails to include a short and plain statement alleging that the defendant violated the CPPA and, therefore, she fails to state a claim for relief under it.

### III.  CONCLUSION

The Court concludes that it lacks personal jurisdiction over the defendant and that the complaint fails to state claims under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the D.C. Consumer Protection Procedures Act upon which relief can be granted.  Accordingly, the defendant's motion to dismiss will be granted.  An Order accompanies this Memorandum Opinion.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE:  July 5, 2013

---

*or insurance to be used primarily for personal, family, or household purposes*; (B)  employment purposes; or (C)  any other purpose authorized under section [1681b]."  15 U.S.C. § 1681a(d) (emphasis added).